UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY PACKER,

    Plaintiff,

v.                                               Case No.: 2:18-cv-473-FtM-38MRM

JACQUES LAMOUR, B. L.
MASONY, DONALD SAWYER and
GENA MARX BRISSON,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendants' Motion to Dismiss and Motion for More Definite Statement filed on behalf of Lamour, Masony, Sawyer and Brisson (Doc. 19, Motion). Plaintiff filed a response in opposition to the Motion (Doc. 21).[2] Plaintiff also filed a Motion to Strike (Doc. 22). In his Motion to Strike, Plaintiff makes a settlement demand and asks the Court to enter a final judgment. (*Id.* at 2). The Court grants in part and denies in part Defendants' Motion (Doc. 19) and denies Plaintiff's Motion to Strike (Doc. 22).

I.

Plaintiff, who is civilly committed to the Florida Civil Commitment Center ("FCCC"), sued by filing a *pro se* civil right complaint. (Doc. 1, Complaint). The Complaint names: Dr. Jacques Lamour, the Medical Director of the FCCC, B.L. Masony, Attorney at the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Plaintiff titled the pleading "Motion to Proceed with Civil Action and Dismiss the Motion to Dismiss and Definite Statement from Defendants" (Doc. 21). Because the pleading responds to Defendants' Motion to Dismiss, the Court construes the pleading as a response. M.D. Fla. R. 3.01(b).

FCCC; Donald Sawyer, Facility Administrator of the FCCC; and Gena Marx Brisson, Vice-President, Correct Care and Recovery Solutions as Defendants. (Doc. 1 at 2-3). Plaintiff expressly incorporates 17 pages of exhibits comprising clinical notes from his medical file, grievances he submitted to FCCC officials, and a "Medical Complaint" into his Complaint. (*Id.* at 6; Doc. 1-1). The gravamen of Plaintiff's Complaint is that he has been diagnosed with hearing loss in both ears but Dr. Lamour provided him with a hearing aid for one ear, his left ear, but refused to provide him with a hearing aid for his right ear.

These facts are gleaned from the Complaint and attachments. On April 30, 2015, Linda Foster, BC-HIS, at Arcadia Hearing Center, performed an audio-gram on Plaintiff and diagnosed him with "profound hearing loss." (Doc. 1-1 at 6). Specifically, Foster determined that Plaintiff has 0% in his left ear unaided, and "moderate sensori-neural hearing loss," 64% in his right ear unaided. (Doc. 1 at 5; Doc. 1-1 at 5-6). Foster recommended "Binaural Power BTES and impressions for both aids were taken. (Doc. 1-1 at 6). Dr. Lamour ordered and approved Plaintiff for only one hearing aid, the left hearing aid. (Doc. 1 at 5; Doc. 1-1 at 8-9). Plaintiff questioned why he was only given one aid when the audiologist recommended two aids. (Doc. 1-1 at 8). Plaintiff complains the sound he hears is "out of balance" requiring him to turn his head to hear voices. (*Id.* at 11, Doc. 1-1 at 10). Plaintiff states "medical" (which the Court liberally construes as being Dr. Lamour) informed him they will only pay for one hearing aid, but without both hearing aids he cannot effectively communicate with staff and residents, which results in altercations. (*Id.* at 6, 16). As relief, Plaintiff asks: (1) that he be provided both a right and left hearing aid, or an alternative device so he may hear; (2) the Court to remove Dr. Lamour as Medical Director and remove his medical license; (3) for $900,000 in

compensatory damages; and (4) for release from confinement. Doc. 1 at 7.

Liberally construed the Complaint alleges a deliberate indifference claim under the U.S. Constitution and a state law action for medical malpractice against Defendants stemming from the denial to provide Plaintiff with a right hearing aid. (*Id*. at 4).[3]

II.

All Defendants seeks dismissal of Plaintiff's state law medical negligence claim because Plaintiff has not alleged that the complied with Florida's statutory presuit requirements in Fla. Stat. § 766.106. (Doc. 19 at 4). Defendants Brisson, Masony and Sawyer seeks dismissal on the basis that the Complaint appears to attribute liability to them due to their supervisory status because there are no allegations they were involved with rendering medical care to Plaintiff. (*Id*. at 4-5). Further, Defendants argue the Complaint fails to state claim to the extent it attributes liability to them solely on the basis they responded to Plaintiff's grievances. (*Id*. at 6).

To survive a Fed. R. Civ. P. 12(b)(6) dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The

---

[3] Plaintiff makes a passing reference to Title II of the American with Disabilities Act (ADA), but does not include the ADA as a basis in his Statement of Claim. *See* Doc. 1 at 4. "Under Title II of the ADA, a 'qualified individual with a disability' cannot be excluded from participating in, or be denied the benefits of, services, programs, or activities of a public entity 'by reason of such disability' or 'be subjected to discrimination by' the public entity. *See* 42 U.S.C. § 12132; *Flournoy v. Culver*, 534 Fed. App'x 848, 851 (11th Cir. 2013). Title II of the ADA applies to inmates confined in state correctional facilities. *Bircoll v. Miami–Dade County*, 480 F.3d 1072, 1081 (11th Cir.2007) (It is well settled law "that a disabled prisoner can state a Title II ADA claim if he is denied participation in an activity provided in state prison by reason of his disability.") The Complaint contains no allegations form which the Court can construe that Plaintiff is being denied from participating in any programs or activities.

complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Supreme Court reads Rule 8(a)(2) to require that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is *plausible* on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). The Court must accept as true the facts as alleged in a complaint, but not the legal conclusions. *Id.* at 555. Further, the Court will "not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss." *Financial Security Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citing *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997)).

Because the FCCC is not a prison and Plaintiff is not a prisoner, *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002), Plaintiff's rights arise from the Due Process Clause of the Fourteenth Amendment, instead of the Eighth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 315-316 (1982). "To prevail on a claim of deliberate indifference to serious medical need in violation of the Fourteenth Amendment, a plaintiff must show: '(1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Youmans v. Gagnon,* 626 F.3d 557, 563 (11th Cir.2010) (quoting *Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1306–07 (11th Cir.2009)). *See also Dolihite v. Maughon By and Through Videon*, 74 F.3d 1047, 1041 (11th Cir, 1996) (recognizing "relevant case law in the Eighth Amendment context also serves to set forth the contours of the due process rights of the civilly committed."; *see also Andujar v. Rodriguez*, 486 F.3d 1199, 1203 n. 3 (11th Cir. 2007). Deliberate indifference has three components the plaintiff must satisfy: he must show a prison

official's "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotation marks omitted). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Id.* An official "who delays necessary treatment for non-medical reasons may exhibit deliberate indifference." *Id.* Finally, a constitutional "violation may also occur when state officials knowingly interfere with a physician's prescribed course of treatment." *Id.*

III.

<u>State Law Medical Malpractice</u>

Florida law requires that a claim arising out of the rendering of, or failure to render, medical care or services is subject to the pre-suit requirements. *See* Fla. Stat. §§ 766.106(1)-(2), 766.202(6). Defendants contend Plaintiff has not alleged that he complied with these statutory requirements and seek dismissal of the Complaint. Alternatively, Defendants request that the Court direct Plaintiff to clarify whether he complied with the pre-suit requirements.[4] The Complaint does not affirmatively plead that Plaintiff complied with Florida's pre-suit requirements. *See generally* Doc. 1, Doc. 1-1.

---

[4] These requirement include, but are not limited to, (1) conducting a pre-suit investigation, (2) notifying each prospective defendant of the intent to initiate litigation for medical negligence, (3) notifying the Department of Health by certified mail, return receipt requested, of an intent to initiate litigation for medical malpractice, if any prospective defendant is a health care provider licensed under Florida Statutes Chapter 458–61 or Chapter 466, and (4) submitting, to each prospective defendant when the notice of intent is mailed, a verified written medical expert opinion which corroborates the existence of reasonable grounds to initiate the litigation. *See* Fla. Stat. §§ 766.104, 766.106, 766.203(2). The pre-suit requirements apply to incarcerated plaintiffs. *See* O'Hanrahan v. Moore, 731 So. 2d 95 (Fla. 4th DCA 1999); Okaloosa Cnty. v. Custer, 697 So. 2d 1297 (Fla. 1st DCA 1997). These statutory requirements also apply to cases filed in federal court. *See* McMahan v. Toto, 256 F.3d 1120 (11th Cir. 2001).

5

Plaintiff however does include a "Medical Complaint" in his exhibits. *See* Doc. 1-1 at 16-17. The Medical Complaint references the findings and recommendations of the audiologist, the efforts made by Plaintiff to resolve his complaint, and the relief Plaintiff seeks ("both devices"). *Id.* at 16-17. Drawing all reasonable inferences for the Plaintiff, the Court will not dismiss Plaintiff's medical malpractice action for failing to comply with the pre-suit requirements at this stage of the proceedings as against Dr. Lamour.

Medical Deliberate Indifference

"The ability to hear is a basic human need materially affecting daily activity and a substantial hearing impairment plainly requires medical treatment by a physician." *Gilmore v. Hodges*, 738 F.3d 266, 275 (11th Cir, 2013). An audiologist assessed Plaintiff as having hearing loss in both ears and recommended two hearing aid devices for Plaintiff. Plaintiff claims despite being provided with the left hearing aid the sound is "out of balance" and he has difficulty communicating with staff and residents which results in "altercations." Doc. 1-1 at 16. The Eleventh Circuit has held a pretrial detainee who suffers from substantial hearing loss which can be remediated by a hearing aid may state a claim for deliberate indifference to a serious medical need under the Due Process Clause of the Fourteenth Amendment if an official with such notice intentionally ignores the untreated condition. *Gilmore*, at 276. Admittedly the degree of hearing loss is relevant to determining whether it rises to a serious medical need. *Id.* at 277. Thus, where a detainee can "carry on a normal conversation and hear and follow directions without the use of a hearing aid, a court would be hard pressed to classify the plaintiff's impairment as a serious medical need." *Id.* (internal quotations and citations omitted). Accepting the allegations as true and drawing all inferences in favor of Plaintiff, the Court finds the

6

Complaint adequately states a claim of deliberate indifference to survive a motion to dismiss against Dr. Lamour.

<u>Defendants Masony, Sawyer and Brisson</u>

Liability against Defendants Masony, Sawyer and Brisson must be based upon something more than *respondeat superior*. Henley v. Payne, 945 F. 3d 1320, 1332 (11th Cir. 2019). "[A]bsent allegations of personal participation . . . supervisory liability is permissible only if there is a causal connection between a supervisor's actions and the alleged constitutional violation." Piazza v. Jefferson County, 923 F.3d 947, 957 (11th Cir. 2019).

Accordingly, it is now

**ORDERED:**

1.  Defendants' Motion to Dismiss and Motion for More Definite Statement (Doc. 19) is **PARTIALLY GRANTED** only to the extent Plaintiff's Complaint is **DISMISSED without prejudice as to Defendants Masony, Sawyer and Brisson.**

2.  The Clerk shall terminate Defendants Masony, Sawyer and Brisson as Defendants.

3.  Defendant Lamour shall file an answer to the Complaint **within twenty (20) days.**

4.  The Court construes Plaintiff's "Motion to Proceed with Civil Action and Dismiss the Motion to Dismiss and Definite Statement from Defendants" (Doc. 21) as a response and directs the Clerk to terminate it as a motion.

5.  Plaintiff's Motion to Strike (Doc. 22) is **DENIED**.

6. Defendant Lamour and Plaintiff are encouraged to discuss settlement and notify the Court of their efforts **by February 24, 2020**. If the parties settle privately, they must notify the Court immediately.

7. The Court will set deadlines for discovery and filing dispositive motions by separate order.

**DONE** and **ORDERED** in Fort Myers, Florida this 23nd day of January, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record