UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY PACKER,

    Plaintiff,

v.   Case No.: 2:18-cv-473-FtM-38MRM

JACQUES LAMOUR,

    Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court are Plaintiff Billy Packer's Motion for Summary Judgment (Doc. 27) and Defendant Jacques Lamour's Motion for Summary Judgment (Doc. 38).

## Background

Packer is a civil detainee at the Florida Civil Commitment Center (FCCC). In March or April 2015, Packer complained of hearing loss. (Doc. 1-1 at 1; Doc. 38-2 at 2). Lamour, Medical Director at FCCC, scheduled Packer an appointment at Arcadia Hearing Center. (*Id.*). On April 30, 2015, audiologist Linda Foster performed an audiogram on Packer and diagnosed him with

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

profound hearing loss in his left ear and moderate hearing loss in his right ear. (Doc. 38-1 at 15). Specifically, Foster determined Packer had 0% speech discrimination in his left ear unaided and 64% speech discrimination in his right ear unaided. (*Id.*). Packer scored 100% in both ears with aids. (*Id.*). Foster recommended binaural hearing aids and took impressions of both ears. (*Id.*). During the appointment, Packer reported extreme difficulty understanding voices clearly, which caused difficulty in group sessions and misunderstandings and fights with guards. (*Id.*).

Foster reported her findings and recommendation to Lamour, but in Lamour's opinion, "Packer did not require a hearing aid for the right ear because his overall hearing was good considering he had 64% hearing in the right ear and 100% hearing in the aided left ear." (Doc. 38-2 at 3). Packer received a left hearing aid on May 11, 2015. (*Id.*). During subsequent visits with Foster, Packer questioned why he only had a left hearing aid and complained his hearing was out of balance. (Doc. 38-1 at 12-13). In a September 30, 2015 visit with Foster, Packer requested a right hearing aid and a pocket talker. (*Id.* at 12). Lamour approved the pocket talker but not the second aid. (*Id.* at 33).

Packer requested a hearing aid for his right ear at least three times in 2016, and again on April 23, 2018. (Doc. 1-1 at 12, 15; Doc. 38-1 at 28-29). These requests were not made directly to Lamour. Packer was given another

2

audiogram on July 5, 2018, and the unnamed audiologist recommended binaural hearing aids. (*Id.* at 9). Lamour felt the second audiogram confirmed that Packer did not need a hearing aid for his right ear, but FCCC administration decided to give Packer a second hearing aid. (Doc. 38-2 at 4).

Packer constructively filed the Complaint on June 29, 2018—about a week before his second audiogram. (Doc. 1). The Court liberally construes the Complaint as alleging a deliberate indifference claim under the U.S. Constitution and a state law claim for medical malpractice. Packer filed a Motion for Summary Judgment, but he did not support it with any evidence. (Doc. 27). He apparently believed the Court would accept his allegations as true, as it did when deciding the defendants' Motion to Dismiss. (*Id.* at 3).

Lamour filed his Motion for Summary Judgment on November 16, 2020, supported by Lamour's affidavit and 57 pages of medical records. (Doc. 38). The Court sent Packer a Summary Judgment Notice, warning him that any response must be filed within 14 days of service of the motion and advising:

> (1) not responding to the motion will signify you do not oppose the motion; (2) all properly supported material facts submitted by the moving party will be considered admitted by you unless you file proper evidentiary materials like affidavits, depositions, and exhibits in opposition; and (3) you may not rely solely on allegations in the unverified pleadings (e.g., complaint and answer) to oppose the motion.

(Doc. 39). Packer did not respond to Lamour's motion. Since Packer did not submit any summary judgment evidence, the Court carefully reviewed the exhibits he attached to his Complaint.

## Legal Standard

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The initial burden falls on the movant, who must identify the portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To defeat summary judgment, the non-movant must "go beyond the pleadings, and present affirmative evidence to show that a genuine issue of material facts exists." *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

In reviewing a motion for summary judgment, the Court views the evidence and all reasonable inferences drawn from it in the light most favorable to the non-movant. *See Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). But "[a] court need not permit a case to go to a jury…when the inferences that are drawn from the evidence, and upon which the non-

4

movant relies, are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

## Discussion

Because the FCCC is not a prison and Packer is not a prisoner, *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002), his rights arise from the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 315-316 (1982). "To prevail on a claim of deliberate indifference to serious medical need in violation of the Fourteenth Amendment, a plaintiff must show: '(1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir.2010) (quoting *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009)); *see also Dolihite v. Maughon By and Through Videon*, 74 F.3d 1047, 1041 (11th Cir. 1996) (recognizing "relevant case law in the Eighth Amendment context also serves to set forth the contours of the due process rights of the civilly committed.").

Deliberate indifference has three components Packer must satisfy: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotation marks omitted). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a

decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Id.* An official "who delays necessary treatment for non-medical reasons may exhibit deliberate indifference." *Id.* But a difference in medical opinion does not constitute deliberate indifference. *Hernandez v. Sec'y Fla. Dep't of Corr.*, 611 F. App'x 582, 584 (11th Cir. 2015). Nor does the exercise of medical judgment by a care provider. *Id.*

Based on the evidence in the record, a reasonable jury could find that Packer has a serious medical need. "The ability to hear is a basic human need materially affecting daily activity and a substantial hearing impairment plainly requires medical treatment by a physician." *Gilmore v. Hodges*, 738 F.3d 266, 275 (11th Cir. 2013). "Substantial hearing loss that can be remedied by a hearing aid can present an objectively serious medical need. *Id.* at 276; *but see Barcelona v. Sec'y, Fla. Dep't of Corr*, 657 F. App'x 896, 898-99 (11th Cir. 2016)* (The Eleventh Circuit "has not yet addressed whether a prisoner's loss of hearing in one ear, which leads a doctor to prescribe a hearing aid, is insufficient to constitute a serious medical need where the prisoner retains some level of hearing in his other ear.").

Having found a possible serious medical need, the Court must consider whether any evidence suggests Lamour was deliberately indifferent to that need. It is uncontroverted that at least one audiologist recommended Packer

6

receive binaural hearing aids and that Lamour disagreed. Lamour found a right hearing aid unnecessary because "Packer's hearing loss in the right ear was not substantial as he had more than 50% hearing in the unaided right ear" and "his overall hearing would be good as the hearing aid in the left ear would allow him to have 100% hearing in the left ear." (Doc. 38-2 at 3). This undisputed evidence shows that Packer was denied a second hearing aid due to a difference of opinion between his medical providers. "[A] simple difference in medical opinion does not constitute deliberate indifference." *Ciccone v. Sapp*, 238 F. App'x 487, 489 (11th Cir. 2007) (internal quotation marks and citation omitted). Thus, Packer has not raised a genuine issue of material fact regarding deliberate indifference, and his Fourteenth Amendment claim fails.

The Court declines to exercise supplemental jurisdiction over Packer's state law medical malpractice claim. *See* 28 U.S.C. § 1367(c)(3).

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Billy Packer's Motion for Summary Judgment (Doc. 27) is **DENIED**.

(2) Defendant Jacques Lamour's Motion for Summary Judgment (Doc. 38) is **GRANTED**.

(3) Plaintiff's Fourteenth Amendment claim is **DISMISSED with prejudice**.

7

(4) Plaintiff's medical malpractice claim is **DISMISSED without prejudice**.

(5) The Clerk shall enter judgment, terminate all motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on December 17, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

8